### ISAACS v. JACOBS.

*(City Court of New York, General Term. October 3, 1889.)*

EVIDENCE—PAROL TO VARY WRITING.
> Where a note payable unconditionally has been given in consideration of an absolute assignment of a claim against third persons, evidence of an oral agreement that the note was not to be operative unless the money was realized on the assignment is inadmissible, such a condition being inconsistent with the writings.

Appeal from trial term.

Argued before McAdam, C. J., and Nehrbas and McGown, JJ.

*A. L. Sanger*, for appellant. *H. Grasse*, for respondent.

Per Curiam. The defendant gave the plaintiff an assignment of a claim against S. H. Smith & Co., for $745.70. It was absolute on its face. The plaintiff, in exchange for it, gave his note to the defendant for $745.70, payable unconditionally six months after date. Each instrument is a complete contract in itself, the one being the consideration of the other. The plaintiff sued to recover $419.80, and the defendant admitted the plaintiff's cause of action, and recovered judgment for the difference between the plaintiff's note of $745.70 and his claim of $419.80; aggregating, with interest, $408.68. The plaintiff offered to prove at the trial that, at the time the note and assignment were exchanged, it was orally agreed that the note should not become operative unless the money on the assignment was realized. The evidence was ruled out, upon the ground that it tended to alter, vary, and contradict the terms and legal effect of the note and assignment. We think the proof offered did not tend to prove an independent condition consistent with the note and assignment, and that the evidence was properly excluded. *Bank* v. *Koehler*, 1 City Ct. R. 264; *Cocks* v. *Barker*, 49 N. Y. 107; *Smith* v. *Killian*, 16 N. Y. St. Rep. 568. While the rule prohibiting oral evidence varying the terms of a written contract does not apply to separate, independent collateral

---

[1] Not reported.

undertakings, or where the original contract was verbal, and a part only reduced to writing, yet where it appears, by an inspection of a written contract, —read, it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation,—that it was intended to express the whole contract, it will be conclusively presumed so to do; and oral evidence may not be resorted to to prove that there was a stipulation or an undertaking necessarily connected with, and one of the elements of, the contract, but not contained therein. *Eighmie* v. *Taylor*, 98 N. Y. 288. For if we may go outside of the instrument to prove that there was a stipulation not contained in it, and so that only part of the contract was put in writing, and then, because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself. See opinion of FINCH, J., in the case cited. The assignment made was absolute on its face, and the note contained no conditions or qualifications, and the evidence offered by the plaintiff, and excluded by the trial judge, sought to ingraft upon them provisions at variance with their terms and legal effect. The exceptional rule, admitting evidence of independent collateral undertakings, does not go to the extent of permitting proof of oral understandings inconsistent with the writings, but only those consistent with and not repugnant thereto. The exception must be kept within bounds, or the rule itself may be impaired, or even destroyed. For the reasons stated, the judgment appealed from must be affirmed, with costs.