## ISAACS *v.* JACOBS.

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

EVIDENCE—PAROL TO VARY WRITING—CONDITIONAL NOTE.

Where a promissory note, payable unconditionally, has been given in consideration of an absolute assignment of a claim against third parties, evidence of an oral agreement that payment of the note should be enforced only out of the proceeds of such claim is competent for the purpose of proving that the note was made in pursuance of a contract, and to show what the contract was.

Appeal from city court, general term.

An action by Jacob S. Isaacs against Lewis Jacobs to recover $419.18. Defendant admitted his indebtedness, but set up a counter-claim, upon a promissory note made by plaintiff. The consideration for this note was the assignment, under seal, by the defendant, Jacobs, to the plaintiff, of a debt due to the defendant from S. H. Smith & Co., upon which there was due to said Jacobs the amount of the note, $745.70. The making of this note, and of this

---

[1] Reversing 7 N. Y. Supp. 66.

.assignment in consideration of the note, were admitted by the reply; and, in avoidance thereof, the plaintiff, as he had pleaded, offered to show an oral .agreement, as set forth in the reply, "that it was distinctly agreed at the time, between the plaintiff and defendant, that plaintiff was not to pay the said note unless plaintiff should collect from, or be credited with, said sum of $745.70, by said firm of S. H. Smith & Co." The court at the trial held this offer of ·oral testimony to be incompetent, and directed a verdict for the defendant for the amount of the defendant's claim, less the claim of plaintiff. Verdict and judgment were had accordingly. Plaintiff appealed to the general term of the ·city court, and the judgment was affirmed.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Adolph L. Sanger,* for appellant.    *Henry Grasse,* for respondent.

LARREMORE, C. J. The amount claimed to be due by the complaint was admitted, and defendant relied on a counter-claim. It is founded upon a promissory note made by plaintiff to his own order, and by him indorsed to ·defendant. Upon the trial, the plaintiff, while admitting the making, indorsement, and delivery of the note, offered evidence to prove a contemporaneous understanding between the parties, to the effect that such note was given at the time of the taking of an assignment by plaintiff of an alleged ·claim for an amount equal to the face of said note, held by defendant, against ·certain strangers to this action, with the agreement that payment of the note should be enforced only out of the proceeds of such claim, and that it should not be enforced at all, unless plaintiff collected something out of such assigned ·claim. All evidence of this character was excluded by the trial judge, on the ground that it tended to contradict or vary the note. We think this was ·clearly error; and the law upon the subject, as laid down by the court of appeals, is so explicit that extended discussion would be superfluous. *Book- staver* v. *Jayne,* 60 N. Y. 146, was a case closely analogous to the case at bar, in which the written instrument involved was, as here, a promissory note. In ·the opinion, at page 150, it is said that "an instrument not under seal may be delivered upon conditions, the observance of which, as between the parties, is ·essential to its vitality; and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it, or others having notice. *Benton* v. *Martin,* 52 N. Y. 570, 574. While this parol evidence is not admissible to vary the effect of ·an undertaking, or merely to show that it was to be renewed, yet, when the note does not contain the whole contract, and is made in pursuance of a con- ·tract, it is competent to show what that contract was, and the purpose for which it was made." See, also, *Juilliard* v. *Chaffee,* 92 N. Y. 529; *Reynolds* v. *Robinson,* 110 N. Y. 654, 18 N. E. Rep. 127. In the case at bar, the purpose of the excluded evidence was not to contradict or vary the terms of the note, but to prove that said note "was made in pursuance of a contract, and to show what the contract was." Plaintiff was entitled to give evidence of the whole alleged contract, of which he claimed the note formed only a part; .and, for the error in entirely shutting him off from this line of defense, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.