HOMESTEAD BANK *v.* WOOD *et al.*

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. NEGOTIABLE INSTRUMENTS—INDORSEMENT—CONSIDERATION—EQUITABLE DEFENSES.
    Under Code Civil Proc. § 507, providing that a defendant may set forth an equitable defense in his answer, the indorser of a note, in an action by his immediate indorsee, can show by parol evidence that the note was indorsed and accepted as security only, though his answer setting up such defense does not demand equitable relief, and though the court is without jurisdiction to grant such relief.

2. BANKS—ULTRA VIRES—ESTOPPEL—DIRECTING VERDICT.
    The evidence showed that defendant indorsed and delivered the note to a bank to secure the repayment of a sum advanced to complete buildings which were being constructed for their joint account; that they had agreed to repay the advance from the proceeds of a loan on the sale of the buildings; that the buildings were neither completed nor sold, and that the loan was not procured. *Held*, that it was error to direct a verdict for the bank, on the ground that the building agreement was *ultra vires*, as the bank was estopped from so asserting to the extent to which defendant performed the agreement on his part.

Appeal from city court, general term.

Action by the Homestead Bank against Frederick Wood, as indorser, impleaded with Edward R. Teller, on a promissory note. From a judgment of the general term of the city court, affirming a judgment entered on a verdict directed for plaintiff, and affirming an order denying a motion on the minutes for a new trial, (18 N. Y. Supp. 718,) defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Artemas B. Smith*, for appellant.    *Charles F. MacLean*, for respondent.

BISCHOFF, J. Plaintiff sued to recover from defendant Wood, as indorser, the amount of a promissory note made by one Edward R. Teller to the order of Wood, and alleged to have been indorsed, negotiated, and delivered, be-

fore maturity, and for value, by him to plaintiff. Wood did not dispute the facts of the indorsement and delivery of the note, but asserted, as a defense to any liability on his part, that the note was indorsed and delivered to plaintiff to secure it for the repayment of an equivalent sum advanced to Wood to enable him to complete certain buildings, then in the course of construction, for their joint account; that it was agreed between them that the sum so advanced should be repaid out of the proceeds of a permanent loan upon or the sale of the buildings, when completed, and not otherwise; and that the buildings were neither completed nor sold, and that the loan had not been procured. Defendant Wood also interposed, as a counterclaim to plaintiff's demand, damages, which he alleged had accrued to him from plaintiff's refusal to make the agreed advances of money required to complete the buildings.

On the trial defendant Wood sought to establish an oral understanding substantially in accord with the agreements above mentioned. Some of his testimony was excluded, while in other respects it was admitted; but when both sides concluded the introduction of evidence, the fact of the agreements by plaintiff's officers, with the sanction of the board of directors, sufficiently appeared from defendant's testimony. Thereupon plaintiff's counsel requested the court to direct a verdict for plaintiff, which was opposed by defendant's counsel, who asked to be permitted to go to the jury on the question of the agreements. The court granted the motion, and directed a verdict as requested, assigning as the ground therefor that the parol agreements were incompetent to vary or contradict the terms of the indorsement, and defendant's counsel duly excepted. The conclusion of the evidence offered, and the direction of a verdict, were errors for which the judgments and order appealed from must be reversed. As between the indorser and his immediate indorsee it is always competent to show by parol evidence what the consideration for the indorsement was, and that it has failed. 1 Rice, Ev. p. 274; 2 Rice, Ev. p. 1137, and cases cited; Rand. Com. Paper, § 565; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Isaacs* v. *Jacobs*, (Com. Pl. N. Y.) 8 N. Y. Supp. 344. So, also, it is a familiar rule in equity that parol evidence is admissible and competent to show that a written instrument which is absolute on its face was given and accepted as security only, (*Horn* v. *Keteltas*, 46 N. Y. 606,) and, though equitable relief was not demanded by answer to the complaint, and the court below was without jurisdiction to grant affirmative equitable relief, defendant could, pursuant to the provisions of the Code of Civil Procedure, (section 507,[1]) avail himself of a defense purely equitable, (*Cushman* v. *Society*, [Com. Pl. N. Y.] 13 N. Y. Supp. 428.) It is a sufficient answer to the proposition of respondent's counsel that the verdict was properly directed, though the ground assigned therefor may have been erroneous, because the agreement to build was in violation of plaintiff's corporate authority, and therefore *ultra vires*, that plaintiff is estopped from so asserting to the extent to which the defendant has performed that agreement on his part. *Arms Co.* v. *Barlow*, 63 N. Y. 62; Lawson, Rights, Rem. & Pr. p. 630, and cases cited. The judgment of the general and trial terms of the court below, and the order denying defendant's motion for a new trial, should be reversed, and a new trial had, with costs to appellant to abide the event. All concur.

[1] "A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable."