WESTERN NAT. BANK OF CITY OF NEW YORK *v.* WOOD *et al.*

*(Common Pleas of New York City and County, General Term.*  November 7, 1892.)

NEGOTIABLE INSTRUMENTS—ACTION BY INDORSEE—EQUITABLE DEFENSES.

It is an equitable defense to an action against the maker of a promissory note that the indorsee took it with notice that it was given to his immediate indorser by the maker as a security.

Appeal from city court, general term.

Action by the Western National Bank of the City of New York against Frederick Wood, impleaded with J. Wesley Smith, on a promissory note. From a judgment of the general term of the city court, affirming a judgment entered on a verdict for plaintiff, and affirming an order denying a motion on the minutes for a new trial, defendant appeals.  Reversed.

For report of decision of the city court, see 18 N. Y. Supp. 718.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Smith, Bowman & Close,* (*Artemas B. Smith* and *Henry H. Bowman,* of counsel,) for appellant.  *Charles F. MacLean,* for respondent.

BISCHOFF, J.  Plaintiff, as indorsee, sued defendant Wood to recover upon a promissory note made by him to the order of J. Wesley Smith, by whom it was indorsed, and thereupon delivered by Wood to the Homestead Bank, before maturity.  Wood did not dispute the making of the note, nor its delivery to the Homestead Bank, but asserted, as a defense to any liability on his part, that the note was made and delivered to the Homestead Bank to secure it for the repayment of an equivalent sum advanced to Wood to enable him to complete certain buildings, then in course of construction, for their joint account; that it was agreed that the sum so advanced should be repaid out of the proceeds of a permanent loan upon or the sale of the buildings, when completed, and not otherwise; that the buildings were neither completed nor sold, and that the loan had not been procured; and that plaintiff received the note from the Homestead Bank with knowledge of the facts.  On the trial, defendant Wood testified to the fact of an oral understanding between himself and the officers of the Homestead Bank, with the sanction of its board of directors, substantially in accord with the agreement above mentioned, and that plaintiff's cashier had knowledge thereof before the note was indorsed and transferred by the Homestead Bank to plaintiff.  When both sides rested, plaintiff's counsel moved for the direction of a verdict for plaintiff, which was opposed by counsel for defendant, who asked that the fact of the agreement be submitted to the jury for determination.  The court granted plaintiff's motion, and defendant duly excepted.

The facts appearing in evidence from defendant Wood's testimony constituted a complete defense to his liability on the note, and it was therefore error to direct a verdict for the plaintiff, for which the judgment and order appealed from must be reversed.  Precisely the same question has been determined by us in *Bank* v. *Wood,* 20 N. Y. Supp. 640.  The action was between indorsee and indorser, while here it is between an indorsee with notice and maker; but what has been said with reference to the one applies with equal force to the other.  The judgments of the general and trial terms of the court below, and the order denying defendant's motion for a new trial, should be reversed, and a new trial had, with costs to the appellant to abide the event.  All concur.