## FAREIRA v. SMITH.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. PAROL EVIDENCE—TO EXPLAIN RECEIPT.
    Defendant signed the following writing: "Received from [plaintiff,] as a loan, $1,000, to be returned Jan. 1st, 1891." *Held,* that such writing was a mere receipt for the money, and, in an action to recover the same as a loan made to defendant, parol evidence was admissible to show that the loan was not to defendant, but to a third person.

2. SAME—TO EXPLAIN PROMISSORY NOTE.
    Viewing the instrument as a promissory note, parol evidence is nevertheless admissible, as between the parties and their privies with notice, to show a failure of consideration.

3. TRIAL—REFUSAL TO PERMIT COUNSEL TO SUM UP.
    The trial court has no right to deny counsel for one of the parties an opportunity to sum up the case to the jury on the ground that the issue is too plain for argument. Per Pryor, J.

Appeal from city court, general term.

Action by Mary Barker Fareira against Roderick H. Smith for money alleged to have been loaned by plaintiff to defendant. The defenses were a general denial, and that the loan was not made to defendant, but to a third person, through defendant as the medium. From a judgment of the general term of the city court affirming a judgment of the trial term on a verdict in plaintiff's favor, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Strong, Harmon & Mathewson, (Theron G. Strong, of counsel,) for appellant.

Adolph L. Sanger, for respondent.

BISCHOFF, J. To substantiate her claim of a loan to defendant, plaintiff gave in evidence the following instrument:

"American Loan & Trust Co.,

"Registrar of Certificates.

"New York Stock Trust.

"6 Wall Street.

"Trustees:   Roderick H. Smith, Manager.   Geo. Condit Smith, Secretary.
George F. Shaver.

"New York, Dec. 10, 1890.

"Received from Mrs. M. Barker Fareira, as a loan, one thousand dollars, to be returned Jan. 1st, 1891.

"Roderick H. Smith."

—And the trial court excluded oral evidence offered by defendant which tended to show that the sum mentioned was never received by him, and was in fact loaned to the New York Stock Trust, on the ground that the evidence excluded varied the legal effect of a written instrument, to which defendant's counsel duly excepted.

The exception was well taken, and the judgment and order appealed from should therefore be reversed. In De Lavallette v. Wendt, 75 N. Y. 579, the instrument was as follows: "New York,

November 3, 66. $500. Received from D. M. Peyser five hundred dollars. Due on demand." It was held that the instrument did not sufficiently name a payee, bearer or otherwise; that the effect of the omission was to render the instrument a mere receipt of the payment of money, and as such open to explanation by parol evidence. Edw. Bills, *131; Trust Co. v. Whiton, 97 N. Y. 172. As the instrument in the case at bar is essentially identical, except as to the time of payment, with the one in De Lavallette v. Wendt, there is no escape from the conclusion that the court below erred in excluding the evidence referred to.

Waiving the defect, however, and viewing the instrument sufficient for the purposes of a promissory note, it was nevertheless competent, as between the parties and their privies with notice, to show a failure of consideration, and this by parol evidence. 1 Rice, Ev. p. 274; 2 Rice, Ev. p. 1137; Rand. Com. Paper, § 565; Bookstaver v. Jayne, 60 N. Y. 146; Isaacs v. Jacobs, (Com. Pl. N. Y.) 8 N. Y. Supp. 344; Bank v. Wood, (Com. Pl. N. Y.) 20 N. Y. Supp. 640; Juilliard v. Chaffee, 92 N. Y. 529, 535. That an instrument recites the receipt of a consideration, at most, clothes it with the dual character of contract and receipt. As the latter, it is but prima facie evidence of the fact, and open to rebuttal by oral proof. Meyer v. Peck, 28 N. Y. 590; Abbe v. Eaton, 51 N. Y. 410; Van Etten v. Newton, (Com. Pl. N. Y.) 6 N. Y. Supp. 531, 7 N. Y. Supp. 663, and 8 N. Y. Supp. 478.

Other exceptions of gravity appear in the record, but, as the one discussed requires reversal, we refrain from specially noticing those remaining, as the alleged error thereby presented may not again occur. Judgment and order reversed, and new trial ordered, with the costs of this appeal to the appellant, to abide the event.

PRYOR, J., (concurring.) On perusal of the record the inference is unavoidable that the court declined to permit counsel for the defendant to sum up to the jury on the issue submitted to their determination. After passing upon a motion by plaintiff's counsel for the direction of a verdict, the court immediately proceeded to charge the jury; and at the earliest moment possible, without an indecent interruption, counsel for defendant asked, "Are we not to have an opportunity to sum up the case?" to which the court responded, "No summing up was necessary, * * * inasmuch as there was but one simple question of fact for the jury." Be the issue simple or complex, counsel have a legal right to be heard upon it before the jury. If the court may deny the privilege upon the assumption that the case is too plain for argument, then the exercise of the privilege stands, not upon the legal right, but upon the misconception or caprice or arbitrary volition of the court. To this proposition I cannot assent. The dictum in its support (People v. Cook, 8 N. Y. 67, 77) is of no authority, and is repugnant alike to the rights of litigants and the duty of counsel, (2 Rum. Pr. 304; Douglass v. Hill, 29 Kan. 527, per Brewer, J.; Garrison v. Wilcoxon, 11 Ga. 154.) Upon this ground I concur in the reversal of the judgment.