(26 Misc. Rep. 679.)

BOYD v. BOYD et al.

(Supreme Court, Special Term, New York County.  March, 1899.)

1. Res Judicata—Issues—Summary Proceedings—Equitable Relief.
    A plaintiff in a summary proceeding, under Code Civ. Proc. § 2232, subd. 1, alleged that defendant continued in possession after sale under execution, and a final order was entered awarding plaintiff possession. Before the dispossess warrant was issued, defendant effected a stay, under Code Civ. Proc. § 2254.  Plaintiff thereafter brought ejectment, and, after issue joined, defendant sought to restrain prosecution of the ejectment suit and to establish an equitable title.  Held, that the final order was no bar to his right to maintain the action; it did not preclude him, except as to the regularity of the sale.

2. Abatement—Pendency of Another Suit—Ejectment—Equitable Relief.
    The pendency of the action of ejectment was no bar to defendant's suit, since the only relief he could obtain in the former would be a judgment dismissing the complaint, and whatever estoppel it might create, while in his own suit he might obtain affirmative relief.

3. Res Judicata—Issues—Matters that might have been Adjudicated.
    A complaint alleged that plaintiff redeemed from an execution sale of his property with his own money, in the name of a junior judgment creditor, a defendant, with the latter's consent; that plaintiff's agent, a defendant, took a certificate of redemption, which the junior creditor assigned to plaintiff, and which, with a deed executed by the creditor, the agent wrongfully withheld from plaintiff; and that afterwards the junior creditor took a certificate and deed from the officer.  A decree was prayed compelling the surrender of the certificates and deeds, and to compel the junior creditor to transfer title to plaintiff.  The answer denied the material allegations, and alleged a redemption by the creditor for his own benefit.  The court so found, and dismissed the complaint on the merits. Held, that such judgment was a bar to a subsequent action by plaintiff to cancel the subsequent certificate and deed, and establish title, by reason of a redemption by him in the creditor's name, but with his own money and for his own benefit.

**4. STATUTE OF FRAUDS—USES AND TRUSTS—EXECUTION SALES.**

A debtor whose real estate was sold on execution failed to redeem within the time prescribed for redemption as owner, but he subsequently redeemed with his own money in the name of a junior judgment creditor, with the latter's consent, without taking a redemption certificate. The junior creditor afterwards obtained a certificate and deed from the officer, and the debtor sued to cancel them and establish his equitable title. *Held*, that such relief was not precluded by the statute of frauds or by the statute of uses and trusts.

Action by Robert Boyd against David Boyd, individually and as administrator of the estate of Samuel Boyd, deceased, and others, to restrain the prosecution of an action of ejectment and to establish an equitable title to real estate. Judgment for defendants.

Henry Daily, Jr., for plaintiff.

Johnston & Johnston (Eugene D. Hawkins and Edward W. S. Johnston, of counsel), for defendant David Boyd.

MATTICE, J. In 1872, plaintiff became the owner and entered into possession of certain real estate. He has remained in possession ever since. In the same year the United States recovered a judgment against him in an action in the circuit court for the Southern district of New York. May 18, 1874, the United States marshal sold the real estate by virtue of an execution issued upon such judgment, and the premises were bid in by the marshal. In June, 1874, one Samuel Boyd recovered a judgment against this plaintiff in an action in the late court of common pleas. Samuel Boyd was a nephew of plaintiff, and had for many years resided with him, and continued to so reside until his death, in 1883. On the last day of the 15 months in which the holder of a subsequent judgment could redeem, the plaintiff redeemed the premises with his own money, but in the name of Samuel Boyd, and by virtue of Samuel's judgment, but did not take a certificate of redemption. At the time of such redemption it was understood, between the plaintiff and Samuel Boyd, that the redemption was for the benefit of the plaintiff. As before stated, Samuel Boyd continued to live in the family of plaintiff until his death, about eight years later. Nothing further was done until about 10 years after Samuel's death, and in 1893 when the defendant David Boyd was appointed his administrator. Shortly after his appointment as administrator he procured an order from the said circuit court, upon notice to the marshal, but without notice to the plaintiff, requiring the marshal to execute and deliver to the administrator a certificate of redemption and a deed. After receiving such certificate and deed, the administrator instituted summary proceedings in the Second district court of the city of New York, to recover possession of the premises, under section 2232 of the Code, upon the ground that the plaintiff held over and continued in possession after the premises had been sold by virtue of the execution issued upon the judgment obtained as aforesaid by the United States, and after title thereto had been perfected under such sale, and after due notice to quit had been given. The plaintiff, although duly served, did not answer in that proceeding, and a final order was duly made, awarding to the petitioner, the administrator David Boyd, the possession of the premises. Before

the dispossess warrant was issued a stay thereof was effected, under section 2254, by the defendant (this plaintiff) paying the costs of the special proceeding, and delivering to the clerk of the court an affidavit to the effect that he claimed possession by virtue of a right or title acquired after such sale. He also delivered the undertaking required by the section. While the dispossess proceedings were pending the plaintiff commenced an action in the late superior court of the city of New York against the defendant David Boyd, as administrator, and one Malcolm Campbell, the attorney who acted for the plaintiff when the property was redeemed in 1874, to restrain the summary proceedings, and to compel Campbell to deliver to plaintiff an assignment of the certificate of redemption alleged to have been executed by Samuel Boyd in his lifetime to the plaintiff, but wrongfully withheld by Campbell, and also to compel the defendant David Boyd to assign the certificate and deed obtained from the marshal, pursuant to the said order of the circuit court in 1893, and that he be compelled to execute and deliver to plaintiff a deed of the premises. The complaint contained the averments sufficient and proper to obtain such relief. The defendants interposed answers denying the material averments upon which the plaintiff's right to maintain the action rested. The issues were thereafter tried, and a judgment duly rendered on the 11th day of January, 1894, dismissing the complaints on the merits. The defendant David Boyd, then and within six months after the warrant was stayed in the summary proceedings by delivering the affidavit and undertaking as aforesaid, commenced an action in ejectment in the late court of common pleas against the plaintiff to recover possession of the premises. After the issues were joined in that action by the service of an answer by this plaintiff, in which he alleged, as legal and equitable defenses, the same facts which he has averred in his complaint herein, the plaintiff commenced this action on the equity side of the court, to restrain the further prosecution of the ejectment action and to establish his equitable title. A temporary injunction order was granted herein, staying proceedings in the ejectment action until the determination of this action. The defendants interpose certain denials, and plead the final order in summary proceedings in the district court as a bar to the right of the plaintiff to maintain the action. They also plead the judgment in the superior court action as a former adjudication and bar, and the pendency of the ejectment action as a bar. The defendants, in addition, plead the statute of limitations, the statute of frauds, and the statute of uses and trusts.

The amendment, in 1893, to section 2244 of the Code, permits the person to whom the precept is directed in summary proceedings to set up equitable, as well as legal, defenses. This amendment materially enlarged the power of the district court, and authorized it to consider equitable defenses. The amendment did not make the district court a court of equity, or confer upon it the power to grant affirmative equitable relief, but it did enable such court to pass upon equitable defenses to the extent of defeating a recovery by the petitioner. In every common-law action the defendant may interpose as many legal and equitable defenses as he has. Code Civ. Proc. § 507. Equitable

defenses may be urged as a defense in actions at law, for the purpose of defeating a recovery by the plaintiff, but the consideration and determination of such defenses by a court of law do not make it a court of equity. Conceding, therefore, that this plaintiff was entitled to shield himself and his right to the possession of the premises in that summary proceeding by the interposition of equitable defenses, yet he was not bound to do so. The final order, in summary proceedings, to recover possession of lands, in a case of this kind, is not necessarily conclusive upon the person holding over, as to any fact, except the regularity and validity of the sale; for the reason that the Code (section 2254) gives the person holding over, not only the choice of two remedies, but gives him the right to avail himself of both remedies. It is not in theory unlike an action in ejectment, where two trials may be had on payment of the costs of the first trial. The person holding over, where the petitioner institutes summary proceedings claiming title perfected by virtue of a sale under execution, may appear and interpose his legal and equitable defenses, or he may lie by, and permit the final order to be made against him. In either case, the Code permits him, after the final order is made and before the warrant to dispossess is issued, to pay the costs of the proceeding, deliver to the clerk of the court an affidavit stating that he claims possession of the premises by reason of a right or title acquired after the sale, and to deliver an undertaking to the petitioner to the effect that he will pay any costs or damages which may be recovered against him in an action of ejectment to recover the property brought against him by the petitioner within six months thereafter, and that he will not commit any waste or injury to the property during his occupation. Such action on the part of the person holding over effectually disposes of the summary proceedings, and renders the final order entirely valueless, except that it is conclusive as to the regularity and validity of the sale. The petitioner is then compelled to bring an action of ejectment in order to obtain possession. On the trial of the action of ejectment, the person holding over would be permitted to show his right to the possession of the property by reason of a right or title acquired after the sale. In this action all parties concede the regularity and validity of the sale of the premises made by the marshal, May 18, 1874, under and by virtue of the execution issued on the judgment recovered in favor of the United States. The plaintiff claims to maintain this action by virtue of a right acquired 15 months after the sale by the marshal. and his right, if any, depends upon what took place at that time. The summary proceeding, therefore, is no bar to the right of the plaintiff to maintain this action.

The section giving him the right to stay the warrant, by the delivery of an affidavit that he claims possession by virtue of a right or title acquired after the sale, impliedly and of necessity gives him the right to set up as a defense in the action of ejectment any legal or equitable right or title which he may have acquired after the sale, or any matter or thing occurring after the sale by which his former title would be freed. Having the right to set up such matters as a defense to the action of ejectment, logically he would have the right to litigate those questions in this action, unless prevented by rea-

son of the pendency of the ejectment action. I do not think the pendency of the ejectment action can be held to be a bar to the maintenance of this action. It is quite true that, in such action, this plaintiff can urge as equitable defenses all the allegations upon which he bases his claim to relief in this action. The only relief, however, he could obtain in the ejectment action would be a negative one,—judgment dismissing the complaint, and whatever force such judgment would have as an estoppel.

If the plaintiff's contention is right, and he is entitled to recover at all in this action, he is entitled to more comprehensive and adequate relief than that which could be afforded him in the ejectment action. He would be entitled to affirmative relief setting aside the certificate of redemption, the marshal's deed, removing the cloud upon his title, establishing his own title affirmatively, restraining further prosecution at law, and thus affirming and quieting his title to the property. It is well settled that, under such circumstances, an action in equity will lie, notwithstanding the pendency of an action at law.

The difficult question to determine is whether the superior court judgment is a bar to the plaintiff's right to maintain this action. In that action the plaintiff proceeded upon the theory that the attorney who made the redemption for him upon Samuel Boyd's judgment took from the marshal a certificate of redemption, and that Samuel Boyd had duly assigned the certificate of redemption to the plaintiff; that such papers were in existence, and wrongfully withheld from the plaintiff by such attorney; and the plaintiff sought to establish his title to the premises by showing the existence of such written assignment, and to compel the delivery thereof to him, and to set aside the certificate of redemption and deed made many years later by the marshal to the administrator of Samuel Boyd, pursuant to the order of the said circuit court. In that action the plaintiff alleged, in substance, that after the sale of the premises he permitted Samuel Boyd to obtain the judgment against him, and that his attorney advised him to permit a redemption of the property to be made in the name of Samuel Boyd; that the redemption was made with the plaintiff's money, in the name of Samuel Boyd, for the sole benefit of the plaintiff; that thereafter Samuel Boyd executed an assignment or conveyance of his interest in the premises he had acquired by reason of such redemption; that such assignment was delivered to the attorney for the purpose of filing and recording, and for the purpose of having the title transferred to the plaintiff. The complaint also set forth that on August 25th the defendant David Boyd notified the tenant of said premises to quit the premises on September 8, 1893, "and all of this was fraudulently done, with the knowledge that the said premises had been redeemed with the money of this plaintiff, and that an assignment had been made to him by Samuel Boyd during his lifetime." It set up the certificate of redemption and deed subsequently given by the United States marshal to David Boyd as administrator, pursuant to said order of the circuit court. The plaintiff demanded that Campbell be compelled to deliver to the plaintiff the assignment of the certificate of redemption and the deed made by Samuel Boyd during his lifetime to the plaintiff, or that he file and

record the same, and that David Boyd be ordered and directed to "transfer or assign to the plaintiff the certificate of redemption or deed obtained by him from Fiske, late marshal, as aforesaid, and that he make, execute, and acknowledge and deliver to the plaintiff title to such premises hereinbefore described"; that the defendants, and each of them, be restrained and enjoined from commencing any action, suit, or proceeding upon such certificate of redemption or deed issued by such marshal; and that the defendants be restrained from proceeding in the summary proceedings in such district court. The answer of the defendant Boyd put in issue the material allegations of the complaint; and also alleged, as a separate defense, the recovery of the judgment in favor of the United States; the issuing of the execution thereon; the sale of the premises; the purchase by the marshal; the execution by the marshal of his certificate of sale; the redemption by Samuel Boyd upon his judgment; that no certificate of redemption was issued to Samuel Boyd in his lifetime; the subsequent issuing of the certificate of redemption and deed by the marshal to David Boyd, as administrator; and that the plaintiff was in possession of the premises, and wrongfully withheld them from the defendant. The trial judge found, as matters of fact, that the redemption of the premises was made by Samuel Boyd upon his judgment, and by no other person; that the marshal duly executed, August 25, 1893, a certificate of redemption; that the defendant David Boyd became entitled to receive a conveyance of the lands and premises redeemed; that on August 25, 1893, the marshal duly executed, acknowledged, and delivered to the defendant David Boyd, as such administrator, a conveyance of the lands and premises so sold and redeemed; that Samuel Boyd did not, in his lifetime, execute and deliver to the plaintiff, or any other person, a certificate of redemption, nor conveyance, or any conveyance, of his interest in the premises so redeemed. He also found, as a conclusion of law, that the complaint should be dismissed upon the merits. Judgment was accordingly entered.

I conclude that the judgment in the superior court action is a bar to the plaintiff's right to maintain this action. Every essential material matter involved in the issues in this action was, of necessity, comprehended and involved in the determination of the superior court action. In Pray v. Hegeman, 98 N. Y. 351, Andrews, J., stated the rule to be that:

"The estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided."

After restating this rule in Reich v. Cochran, 151 N. Y. 122–127, 45 N. E. 367, 368, Martin, J., says:

"This rule has been fully indorsed by the subsequent decisions of this court, as will be seen by an examination of the cases of Griffin v. Railroad Co.,

102 N. Y. 452, 7 N. E. 735; Manufacturing Co. v. Walker, 114 N. Y. 12, 20
N. E. 625; O'Rourke v. Hadcock, 114 N. Y. 553, 22 N. E. 33; Hymes v.
Estey, 116 N. Y. 509, 22 N. E. 1087; and Thomson v. Sanders, 118 N. Y. 257,
23 N. E. 374."

The question whether the plaintiff in that action was or was not
entitled to an adjudication that he was the owner of the premises,
and that the marshal's certificate of redemption and deed given to
the defendant as administrator should be set aside, comprehended and
involved the vital question in this action, to wit: Did the plaintiff
actually redeem the premises with his own money, for his own ben-
efit, by virtue of Samuel Boyd's judgment, and with his consent? The
statute of frauds and the statute of uses and trusts, so elaborately
discussed and persistently urged by the defendants' counsel as de-
fenses to this action, have no application. The mere fact of the sale
under execution, and the failure of the plaintiff to redeem as owner
within 12 months, did not operate to devest the plaintiff of his legal
title. The fact that Samuel Boyd permitted the plaintiff to use his
judgment to redeem the premises within the 15 months, for plaintiff's
benefit, certainly did not vest Samuel with the title to the premises,
nor did it entitle him to demand and receive a deed. Under such
circumstances, Samuel Boyd had no legal or equitable interest in the
premises. The marshal, having accepted payment from the plaintiff,
had no further legal or equitable interest therein. Neither was such
action on the part of the plaintiff a fraud upon the marshal. The
plaintiff had the right to create a subsequent judgment creditor for
the purpose of redeeming the premises after the 12 months had ex-
pired. Cone v. Insurance Co., 60 N. Y. 619. A judgment debtor
whose land has been sold by virtue of an execution cannot be devested
of the legal title until the expiration of 15 months from the sale, and
not then, until the deed is actually given. Case last cited. Having
paid the marshal under such circumstances, before the expiration
of the 15 months, the right of the marshal to devest him of his title
by giving a deed, after the expiration of that time, was taken away.
No affirmative action, therefore, was necessary on the part of Sam-
uel Boyd in order to confirm the plaintiff's title. No trust was cre-
ated, and no parol agreement was made, creating an interest in
land. No attempt whatever is made to establish by parol any agree-
ment condemned by the statute. In fact, no effort is made to en-
force any executory contract resting in parol. The plaintiff never
was devested of his title until the defendant David Boyd, as such
administrator, wrongfully, and without notice to the plaintiff, ob-
tained the certificate of redemption and deed from the marshal, nearly
20 years after the redemption took place, and when neither the mar-
shal had the right to make, nor the administrator to take, the deed.
As before stated, the object of this action is to set aside that certifi-
cate and deed on account of the wrongful act of the administrator in
obtaining it. When once set aside, the legal title immediately vests
in the plaintiff. The circumstances attending the redemption deter-
mine whether the administrator had a right to receive the deed. It
follows that the plaintiff's right to the relief demanded in his com-
plaint would be complete but for the bar of the superior court judg-

ment. The doctrine of estoppel, so firmly established upon principle and authority, cannot be disregarded to meet the supposed exigencies of a particular case. The plaintiff has had his day in court, and must abide by that decision. Counsel for defendants will prepare formal decision and judgment in accordance with the foregoing views, which may be settled on five days' notice. The question of costs may be reserved until such settlement.