## BOYD v. BOYD.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

JUDGMENT—CONCLUSIVENESS—FORMER ACTION.

Where plaintiff alleged, in an action to quiet title, that defendant claimed the premises under a deed to him as judgment creditor redeeming from an execution sale against plaintiff, and that defendant's judgment had been paid, and on the trial it appeared that plaintiff had brought a previous action against defendants on the same facts, to establish a trust in defendant in plaintiff's favor in the premises, in which action all

the issues of the present case were tried, and judgment dismissing the complaint on the merits rendered, the former judgment is a complete bar to the present action.

Appeal from special term, New York county.

Action to quiet title by Robert Boyd against David Boyd, individually and as administrator of Samuel Boyd, deceased. From a judgment dismissing the complaint on the merits (56 N. Y. Supp. 760), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry Daily, Jr., for appellant.

Edward W. S. Johnston, for respondent.

O'BRIEN, J. The plaintiff seeks in equity a judgment which shall establish a clear title in him to property located on the southwest corner of James and Oak streets, in the city of New York. There is no certificate in the appeal book or record that it contains all the evidence given on the trial, and therefore the questions of fact, so far as they are in dispute, are not before us for review. The solving of these, however, is not of controlling importance, for the reason that the decision of the special term, as well as our conclusion, turns on a question of law. As there is little or no dispute about certain of the evidence, we may refer to this, and to the pleadings as well, in order to have the question of law clearly presented, and show precisely how it arose.

The plaintiff alleges in his complaint that in December, 1872, he became seised of the property in question, and thereupon entered into, and has ever since held, exclusive possession thereof; that on October 14, 1872, a judgment of $9,950.25 was recovered by the United States of America against him, and by virtue of an execution issued thereon the property was sold on May 18, 1874, to Oliver Fiske, United States marshal, for $1,750; that, acting under the advice of his attorney, Malcolm Campbell, he allowed his nephew Samuel Boyd to obtain a judgment on June 16, 1874, against him for $1,377.26, and in August, 1874, gave to his attorney, Malcolm Campbell, $1,950, with which to enable Samuel Boyd, as judgment creditor, to redeem the premises mentioned from the United States marshal for his (plaintiff's) benefit; that Malcolm Campbell in August, 1875, presented to Oliver Fiske a copy of Samuel Boyd's judgment, and paid him $1,903.12 to effect such a redemption, and then informed plaintiff that the marshal had issued a certificate of said redemption; that of all these circumstances Samuel Boyd had full knowledge, and never claimed an interest in the property, and the plaintiff subsequently paid him the amount of the judgment mentioned, of $1,377.26, and before October 19, 1884, the United States judgment, $9,950.25 was fully satisfied and discharged of record; that on April 16, 1883, Samuel Boyd died intestate, and his brother David Boyd, the defendant here, who also had full knowledge of all the facts set forth, received letters of administration on his estate, and on August 26, 1893, with the procurement of Malcolm Campbell, obtained from Oliver Fiske, as marshal, a certificate of redemption in favor of Samuel Boyd,

and a deed of conveyance of the property in question from Oliver Fiske to David Boyd as administrator; that by virtue of these instruments the defendant claims he became seised of the fee of said premises to the exclusion of the plaintiff. Judgment is asked compelling the defendant to surrender the said certificate of redemption and the deed for cancellation, or, if filed, that they be declared void and the defendant be enjoined from prosecuting any action founded thereon. The answer states that by virtue of the redemption by Samuel Boyd of the premises in question in August, 1875, he became possessed of the title to the property in his own right, and that the certificate of redemption and the deed issued by the United States marshal to the defendant as administrator in 1893 were legally and rightfully given. Further, the answer alleges that in September, 1893, the defendant commenced a summary proceeding to obtain possession of the premises, which proceeding was stayed by an order of the superior court procured in an action brought by this plaintiff against the defendant, in which action it was sought to establish an alleged resulting trust in the premises, and which resulted in a judgment dismissing the complaint on the merits; that, after the rendition of the judgment referred to, the summary proceeding was continued, and a final order made on February 3, 1894, which determined that the defendant here was entitled to the delivery of the said premises, but the plaintiff then by affidavit obtained a stay on the ground that he claimed possession by virtue of a right or title acquired after the sale of the property; that the defendant then commenced an action in ejectment, which action is now pending, and in which the questions here litigated may be determined. Additional defenses are presented, based upon the statute of limitations, the statute of frauds, and the statute of uses and trusts, and, finally, that since the plaintiff here alleges that he purchased the property herein from the United States marshal, upon an admitted judgment, after the marshal had failed to collect the entire original judgment against him, his claim is evidently founded upon an equitable scheme to evade and defraud creditors, and therefore the court will grant him no relief.

At the trial the judgment roll in the action referred to in the defendant's answer brought by the plaintiff in the superior court against David Boyd and Malcolm Campbell was introduced in evidence. The complaint therein alleged the ownership of the plaintiff in the property; the rendition of the United States judgment against him, and the sale to Oliver Fiske; that by the advice of his attorney he permitted Samuel Boyd to obtain judgment against him, and thereafter furnished money with which the property was redeemed for his benefit; the death of Samuel Boyd, and that he never claimed any title in the premises; that David Boyd was appointed administrator, and obtained, by conspiracy with Malcolm Campbell, a deed and a certificate of redemption from Oliver Fiske. In addition, the complaint stated that prior to April 16, 1883, Samuel Boyd made and executed an assignment and conveyance to the plaintiff of whatever title he had in the property, which assignment or conveyance Malcolm Campbell had in his custody. Judgment was asked for the delivery to the

plaintiff of the deed and certificate of redemption, and that the defendants be enjoined from prosecuting any action on such instruments, and also for the delivery to plaintiff of the alleged assignment. In the answer the relief asked for was "that the validity of the said conveyance" be established, and the plaintiff be forever barred from all claim to any estate whatever in said property. Upon the issues thus presented, the trial justice in the superior court, in his findings of fact, held that Samuel Boyd, as judgment creditor, by his attorney, Malcolm Campbell, purchased the property in question from the United States marshal, and "that no other redemption of said lands and premises from said sale was made by any other person other than said Samuel Boyd"; that the plaintiff, Robert Boyd, did not tell Malcolm Campbell that he wished the redemption to be for his benefit; that the judgment recovered by Samuel Boyd against Robert Boyd "is still unpaid," and was for money theretofore loaned, and on two promissory notes; that the defendant David Boyd and Malcolm Campbell had not conspired to cheat the plaintiff, and, as administrator, David Boyd "became entitled to receive" a conveyance of the property; and that an assignment from Samuel Boyd was made in blank, but there never was any actual assignment, and the paper presented in evidence, purporting to be subscribed by Samuel Boyd, was in fact signed in the handwriting of Robert Boyd himself. Judgment accordingly was entered, dismissing the complaint on the merits.

On the trial of the present action the judge at special term held that the judgment of the superior court in the action brought by Robert Boyd against David Boyd and Malcolm Campbell constituted a bar to the maintenance of the present suit, and he therefore dismissed the complaint upon the merits. Whether the dismissal for such reason was justified is the single question which we find it necessary to consider on this appeal.

A comparison of the pleadings in the present suit with those in the action brought in the superior court discloses, with but two points of difference, that the issues presented were identical. One of these differences is that in the superior court action there was, in addition to the allegations as to the purchase of the property from the United States marshal which here again appear, a claim that by a subsequent assignment Samuel Boyd had transferred whatever title he had in the premises to the plaintiff. This allegation was disposed of by the finding that the alleged assignment was a forgery by the plaintiff. The other point of difference is that in the present action there is an allegation that the plaintiff, after Samuel Boyd had purchased the property, paid to him the amount of the judgment which he had been allowed to obtain in 1874. Aside from these differences, the causes of action are the same. In both complaints are the allegations that a judgment in favor of the United States was entered against the plaintiff in 1872, and that the marshal levied upon and bought in his property; that thereafter the plaintiff, by his attorney's advice, permitted Samuel Boyd to obtain a judgment against him, and furnished money whereby Samuel Boyd, as judgment creditor, redeemed the property for plaintiff's benefit; that, on the death of Samuel

Boyd, David Boyd, as administrator, conspired with plaintiff's attorney to gain title to the property, and obtained a certificate of redemption and a deed of conveyance from the United States marshal. And the relief asked in both was that it be adjudged that the defendant acquired no rights by these instruments, and that no action be founded thereupon. Although, therefore, the complaint in the superior court action claimed title in the premises by virtue of an assignment of Samuel Boyd's rights in and to the deed and certificates of redemption, there was included the further contention that the plaintiff, by an alleged purchase from the United States marshal through his nephew Samuel Boyd, became entitled to the property. That, aside from the allegation of repayment of the judgment, is the gravamen of the present action. The appellant argues, however, that in the action in the superior court "the plaintiff adopted the theory, and constructed his complaint upon the issue, of the existence or execution by Samuel Boyd to him of an assignment or conveyance which had been delivered to said Campbell for the purpose of filing and recording"; showing that "the pleader presented as the basis of relief no cancellation of instruments, and insisting that in the superior court "there is no finding whatever that such deed actually passed or conveyed the title." We cannot agree with the appellant as to these points. The previous complaint contained distinct allegations to support a claim that, by virtue of money advanced by plaintiff through Samuel Boyd, the latter, as a friendly judgment creditor, purchased the property for the plaintiff's benefit. And, though the relief demanded therein by the plaintiff did not include the word "cancellation," it did ask that the defendant be restrained from prosecuting any action founded on the instruments, which amounted to the same thing. And the answer asked that the validity of the instruments be established, and the plaintiff barred from any claim to the property. Furthermore, the trial justice in the superior court expressly found that Samuel Boyd, and no one else, redeemed the lands and premises, and that the defendant, David Boyd, as administrator, became entitled to receive the conveyance which was given him. So far, therefore, as the main question is concerned, namely, who obtained title to the certificate of redemption and deed, the superior court judgment is a complete bar to the present action, unless it appears that the causes of action, for some other reason, are separate and distinct. The only distinction pointed out is the allegation in this complaint, already adverted to, that the plaintiff, since the purchase of the property from the marshal, has paid to Samuel Boyd the amount of his judgment. In both actions, however, the issue was the title to the certificate of redemption and deed; and the only variance relates, not to the causes of action, but to the difference in evidence between that formerly presented and that which is now introduced for the purpose of establishing in plaintiff such title. Thus, in both cases all the underlying facts tending to establish title, down to the procuring of the certificate of redemption and deed by David Boyd as administrator, were the same; but in the superior court action the claim asserted was that the plaintiff had obtained from Samuel Boyd an assignment of his interests in the prop-

erty. In the present case the plaintiff must concede that he is bound
by the former adjudication that he did not obtain an assignment,
and must admit that David Boyd, as administrator, is the legal owner
and holder of the certificate of redemption and deed; but he seeks,
in effect, to destroy such title by asserting an equitable title, and de-
manding that the certificate of redemption and deed issued to David
Boyd be canceled, alleging that he paid the judgment of Samuel Boyd,
which was the basis of the latter's legal right to the certificate and
deed. The evidence that plaintiff paid the Samuel Boyd judgment,
however, was available in the superior court action, as all the pay-
ments represented by the checks which the plaintiff introduced in
evidence to support his claim on the trial of this action bear date
prior to the date of the superior court action. And, apart from the dates
of the checks,—the contention being here that the payment was made
to Samuel Boyd in his lifetime, and the superior court action having
been brought against his administrator after his death, one of the is-
sues therein being whether the Samuel Boyd judgment had been paid,
—such evidence might have been offered, and was not only competent,
but material and important, since it appears that the failure to produce
such proof resulted in a finding that the judgment was not paid. It
will be seen, therefore, that the real questions in both actions were
whether Samuel Boyd, by purchase as a judgment creditor, acquired an
equitable as well as a legal title to the certificate and deed, and
whether at the date of the superior court action the plaintiff had le-
gally or equitably succeeded to Samuel Boyd's rights. In both actions
the object sought was to destroy the title to the certificate and deed
which David Boyd had obtained, and such destruction was in the for-
mer action sought to be encompassed by a claim that Samuel Boyd dur-
ing his lifetime had assigned his rights to this plaintiff, while in the
present action the same object is sought by insisting that the judg-
ment of Samuel Boyd, during his lifetime, had been paid. The fact
that there is a difference in the form of relief demanded does not
change the causes of action; for, whether it be adjudged that the
deed and certificate should be assigned to the plaintiff, or that they
be canceled and annulled in the hands of the defendant, is a differ-
ence in form, and not in substance, since the result in either case
would be to destroy the legal title outstanding in David Boyd.

The superior court judgment determined that Samuel Boyd had
redeemed the property, and that his administrator was entitled to
the certificate and deed, and the same issue was again presented;
there being no other questions which could not have been previously
litigated. In other words, the subject-matter of the action in the
superior court was whether the outstanding deed and certificate
which the defendant, David Boyd, had obtained were his, and whether
they were valid and enforceable; and precisely the same questions
are sought to be again litigated here, the only difference being in the
formal relief demanded. The question of the conclusiveness of a
former judgment is to be determined by considering whether the sub-
ject-matter litigated is the same in both actions. This rule has been
many times formulated, and where, as here, the same claim or de-
mand is involved, the prior judgment is a complete bar as to every

matter litigated, or which might have been litigated. Thus, the operation of a judgment as an estoppel is accurately stated in Cromwell v. Sac Co., 94 U. S. 51, 24 L. Ed. 681, where it is said:

"There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But, where the second cause between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters rising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined."

The rule thus clearly expressed was cited with approval by this court in Felix v. Devlin, 50 App. Div. 331, 64 N. Y. Supp. 214, wherein other authorities are collated and discussed. See, also, Bruen v. Hone, 2 Barb. 586; Printing-Press Co. v. Walker, 114 N. Y. 7, 20 N. E. 625; Bell v. Merrifield, 109 N. Y. 203, 16 N. E. 55. That rule should be applied here, and our conclusion agrees with that of the learned trial justice, upon whose able opinion we might well have rested our decision, were it not for the strenuous insistence of the appellant, and the interests involved, which we thought justified a retracing of steps, which, however, has brought us to the same determination reached by the special term,—that the judgment in the superior court action was a bar to the present action.

The judgment, accordingly, should be affirmed, with costs. All concur.