(58 Misc. Rep. 195.)

### PELGRAM v. EHRENZWEIG.

(Supreme Court, Appellate Term. March 5, 1908.)

COURTS—MUNICIPAL COURTS—JURISDICTION.

Under Municipal Court Act, Laws 1902, p. 1490, c. 580, § 2, subd. 2, denying to the Municipal Court of New York City any equitable jurisdiction, it has no jurisdiction to cancel a written instrument under seal on the ground of execution under mistake.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Eliza M. Pelgram against Gustav Ehrenzweig. From a judgment for defendant, plaintiff appeals. Reversed.

See 51 Misc. Rep. 31, 99 N. Y. Supp. 913.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Frayer, Stotesbury & Gregg, for appellant.
Benno Loewy, for respondent.

MacLEAN, J.   A lease in due form was executed and delivered by the parties for the letting by the plaintiff and the hiring by the defendant of an apartment on the west side of the fifth floor of the plaintiff's house.   Possession was not taken by the defendant, who claimed he signed the lease supposing it was for an apartment on the east side.   This supposition was set up as a defense in his answer, containing also allegations that the plaintiff, through her agents, had perpetrated a fraud upon him, and had fraudulently made out a lease for premises different from those intended.   The judgment recovered by the plaintiff upon a former trial was set aside on appeal because of rejection of testimony offered to support this defense of fraud; the court holding that, though fraud may not be proven in the Municipal Court as a basis for affirmative relief, it is always available as a defense to a claim founded upon the contract.

The court has now in turn to reverse the judgment recovered against the plaintiff because of failure, upon full opportunity had, to establish the defense of fraud.   Finding no fraud, the learned trial justice gave judgment to the defendant, dismissing the complaint "on the ground that there was a clear and distinct misunderstanding, if not on the part of both of the parties, clearly upon the part of this woman," the wife and agent of the defendant. "There was clearly not a meeting of the minds of the parties, or mutuality in the execution of this instrument."   The court below, thus attempting cancellation of a written instrument under seal on the ground of execution under mistake which is not within the powers conferred upon the Municipal Court (section 1, Municipal Court Act [Laws 1902, p. 1486, c. 580]), and assuming cognizance of a jurisdiction expressly denied (section 2, subd. 2, Municipal Court Act), the judgment must be reversed.

Judgment reversed, with all costs to the appellant.

GILDERSLEEVE, P. J., concurs.

BISCHOFF, J. (concurring).   I agree that the judgment must be reversed and a new trial ordered.   The evidence did not warrant a finding of fraud, and, indeed, the court below predicated its dismissal of the complaint wholly of the defendant's error in assuming that the lease concerned the east apartment, which he intended to hire, whereas in fact it referred to the west apartment in the same building.   At most, therefore, the evidence showed a mutual mistake of the contracting parties, for which equitable relief by way of rescission of the lease could be had, were the action pending in a court having equitable powers, or that the same state of fact would be available as an equitable defense, if the court might entertain a defense of that nature.

An equitable defense is presented by a state of facts which, if pleaded as a counterclaim for affirmative relief in a court of equity, or made the basis of an action for such relief in a court of competent jurisdiction, would entitle the pleader to a judgment or decree the effect of which would be to destroy or defeat the claim at

law.  Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152; Pomeroy's Code Remedies, "Equitable Defenses" (4th Ed.) § 87 et seq., and cases cited in text and notes.  That the court has jurisdiction at law only does not necessarily render equitable defenses unavailable in actions at law, if the court is otherwise authorized to entertain such.  The determination that an equitable defense exists does not involve an attempt to resolve the court into one of equity, so long as the court does not essay to extend equitable relief.  Boyd v. Boyd, 26 Misc. Rep. 679–682, 56 N. Y. Supp. 760, affirmed 53 App. Div. 152, 65 N. Y. Supp. 859; Cushman v. Family Fund Society (Com. Pl.) 13 N. Y. Supp. 428; Homestead Bank v. Wood, 1 Misc. Rep. 145, 20 N. Y. Supp. 640.

Equitable defenses, however, are rendered available in actions at law by the force of section 507 of the Code of Civil Procedure, and by section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580), the provisions of the Code "as far as the same may be made applicable and are not in conflict with" that act are made applicable to the Municipal Court.  Section 507 is a part of chapter 6 of the Code, and by subdivision 4 of section 3347 that chapter is exclusively applicable to the Supreme Court, the City Court of the City of New York, and the County Courts.  It would seem, therefore, that the Municipal Courts are not authorized to entertain equitable defenses, except in summary proceedings to recover the possession of land, and equity jurisdiction in any case is expressly denied.  Municipal Court Act, § 2, subd. 2.