(72 Misc. Rep. 396.)

### RIVERSIDE SECURITY CO. v. McGUIRK.

(Supreme Court, Appellate Term. June 29, 1911.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT BY CONFESSION—VACATION.
Municipal Court Act (Laws 1902, c. 580) § 1, subd. 19, expressly authorizes vacation of a judgment on confession, but vacation of the confession is improper.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Riverside Security Company against Peter P. McGuirk. From an order vacating a judgment by confession, plaintiff appeals. Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Myers, Hartman & Schuhman (David C. Myers, of counsel), for appellant.

Hamerman & Rosenfeld (Joseph Hamerman and Isidor Sack, of counsel), for respondent.

BIJUR, J. The motion was made on the ground that the confession of judgment had been obtained from defendant by fraud and inadvertence.

The appellant contends that the Municipal Court is without power to vacate a judgment, except as prescribed by sections 253, 254, and 255 of the Municipal Court act, and cites a number of cases to that effect. It is true that it has been held repeatedly that section 1, subd. 19, of the Municipal Court act is limited by the provisions of the other sections named in respect of motions of the character provided for in such sections. There is, however, no provision limiting the general power awarded by section 1, subd. 19, to vacate a judgment entered on confession. The order appealed from, therefore, seems to have been fully authorized, and to have been granted on a sufficient affidavit.

The order, however, undertakes to set aside the confession itself, a proceeding not authorized by the Code (see, also, Pelgram v. Ehrenzweig, 58 Misc. Rep. 195, 109 N. Y. Supp. 55), and that provision must be stricken out, and the order, as so modified, affirmed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes