### SCHOOR v. CUSTEN et al.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. JUDGMENT (§ 90*)—CONSENT JUDGMENT—VACATION.

In an action for goods sold and delivered, the attorneys for the respective parties, for the purpose of arriving at a calculation of the amount due, examined the receipts for goods delivered, which showed that the goods were delivered as claimed by plaintiff, and defendant's attorney consented to an entry of judgment for the amount of the claim. *Held* that, as the goods had been sold at prices much less than those claimed in the bill of particulars, the consent judgment should be set aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 148, 149; Dec. Dig. § 90.*]

2. JUDGMENT (§ 90*)—VACATION—POWER OF COURT.

The trial court has authority to set aside a consent judgment, where it is procured by plaintiff's unfairness.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 148, 149; Dec. Dig. § 90.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Schoor against Philip Custen and another. From a judgment for plaintiff and an order denying defendants' motion to vacate the judgment, defendants appeal. Order reversed, and motion granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph Fried, of New York City, for appellants.
Heymsfeld & Weiss, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff brought suit for the value of certain goods sold and delivered. The bill of particulars enumerated the goods as of the value of $102. The attorneys for the parties met together, with the avowed purpose of arriving at an honest calculation of the amount due to the plaintiff.

An examination of the receipts for goods delivered showed that the goods were delivered as claimed by the plaintiff, and the defendants' attorney consented to an entry of judgment against his clients for the amount of plaintiff's claim. Subsequently he claims that his clients showed him that the bills received from plaintiff for these goods are entirely at variance with the prices claimed in the bill of particulars, and that this variance amounts to $60.

The plaintiff's attorney nowhere denies that the goods were charged to the defendants at totally different prices from the prices for which judgment has been entered, but claims that, if either party has suffered a loss by reason of the entry of judgment, that loss should be borne by the defendants, who consented to the judgment.

It seems to me that this contention is erroneous. The parties entered into the arrangement for the entry of the judgment upon the assumption that the plaintiff was entitled to recover the amount demanded. If he is not entitled to recover this amount, then an order setting aside the judgment imposes no loss upon him, except in so far as he is deprived of a gain which he obtained through the desire of the defendants to deal justly with him.

[2] The trial justice had authority to vacate the judgment (Riverside Security Co. v. McQuirk, 72 Misc. Rep. 396, 130 N. Y. Supp. 167), and in my opinion should have done so upon the defendants conceding all the items of the bill of particulars except the value of the goods.

Order reversed, with costs to appellants to abide the event, and motion to vacate judgment granted, and case set down for trial on the ——— day of ———, upon defendants' filing a stipulation in accordance with this opinion within three days of notice of entry of order. All concur.